**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY LANE BURDICK,

Petitioner - Appellant,

v.

KEN KLINGER, Warden,

Respondent - Appellee.

No. 98-6425

(W.D. Oklahoma)

(D.C. No. CV-97-581-L)

**ORDER AND JUDGMENT**   *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Barry Lane Burdick seeks a certificate of appealability to challenge the
district court's dismissal of his 28 U.S.C. § 2254 petition.  Because he has not

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny the certificate of appealability.

Burdick raised only two claims in his petition: "[d]ouble [j]eopardy . . . [i]n violation of United States v. Halper , 490 U.S. 435 (1989)," and "[i]neffectiveness of [t]rial [c]ounsel [based on] . . . [r]efusal to investigate the double jeopardy violation of the United States Constitution." See Petition, R. Doc. 2 at 4-7. At the root of these arguments is the claim that the burglary charge to which he pleaded guilty was barred by double jeopardy protections because it was based on conduct for which, as an Oklahoma inmate, he had previously suffered revocation of earned credits. The district court, adopting the report and recommendation of the magistrate judge, rejected on the merits Burdick's claim of ineffective assistance of counsel, and dismissed Burdick's double jeopardy claim on the ground that it was procedurally defaulted.

Burdick's claims on appeal are a mixture of arguments attacking the procedural default and claims addressing the merits of his petition. On the issue of procedural default, he claims that neither his attorney nor the court advised him of his right to withdraw his plea, or of his right to court-appointed counsel on appeal, and that the "pre-fabricated Summary of Facts" accompanying his guilty plea "failed to fully advise [him] of all of his appeal rights." Appellant's Opening Br. at 2. He argues that he was denied due process and equal protection

by not receiving notice of such claimed rights, and that as a result he "has demonstrated cause for his failure to take a direct appeal." Id. at 5. On the merits, Burdick styles his double jeopardy claim in various ways: (1) his burglary conviction violates the federal Constitution's Double Jeopardy Clause; (2) the conviction violates Oklahoma statutes and the Oklahoma Constitution; (3) his plea was not voluntary because he was unaware of his state and federal double jeopardy claims; (4) his counsel was ineffective for not raising the state and federal double jeopardy claims; (5) he has been denied equal protection because Oklahoma courts have granted relief on similar claims.

Procedural default issues aside, we reject Burdick's claims. To the extent he claims Oklahoma double jeopardy protections, and to the extent he claims such protections as the basis for involuntariness and ineffectiveness arguments, the claims were not raised before the district court and we refuse to address them for the first time on appeal. See Petition, R. Doc. 2 at 4-7; see also Report and Recommendation, R. Doc. 11. Neither, for that matter, was any claim (state or federal) raised about the voluntariness of his plea. See Petition, R. Doc. 2 at 4-7; see also Report and Recommendation, R. Doc. 11 at 6-7 (noting that Burdick does not "assert that his plea was involuntary"). We also decline to consider Burdick's equal protection claim, which was raised for the first time in his reply to the

state's response below. See Report and Recommendation, R. Doc. 11 at 7 n.3 (addressing and rejecting the merits of the claim anyway).

Furthermore, the two claims that were actually raised below are meritless. There was no violation of federal double jeopardy protections,[1] and therefore no ineffectiveness for failure to argue for such protections. "It is well established in this Circuit that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding, criminal in nature, violative of the double jeopardy clause." United States v. Rising, 867 F.2d 1255, 1259 (10th Cir. 1989). Burdick's argument that Oklahoma prisoners "have a liberty interest in earned credits," Appellant's Opening Br. at 24, is therefore beside the point. Prison officials who revoke good-time credits to maintain discipline do not thereby preclude the government from subsequently instituting criminal proceedings.

Burdick argues that United States v. Halper, 490 U.S. 435 (1989), somehow abrogates this principle. As the magistrate judge clearly explained, however, Halper announced a "rule for the rare case," 490 U.S. at 449, applicable to determine only "whether and under what circumstances a civil penalty may

---

[1]We note that a guilty plea may waive claims based on double jeopardy violations that are not "apparent on the face of the indictment and/or the record existing at the time the plea was entered." Thomas v. Kerby, 44 F.3d 884, 888 (10th Cir. 1995). However, in light of our conclusion that Burdick's substantive double jeopardy claim lacks merit, we need not reach any issue of waiver.

constitute punishment for the purpose of the Double Jeopardy Clause," id. at 446. This case involves bona fide administrative discipline and not grossly disproportionate civil penalties, as was present in Halper, and therefore Halper is not applicable to the facts here.

Burdick also argues that Hudson v. United States, 522 U.S. 93 (1997), cited by the magistrate judge in discussing Halper, "was not available at the time of his offense and cannot be considered against him in this instant cause." Appellant's Opening Br. at 22. Even assuming the validity of Burdick's retroactivity argument, we do not read the magistrate judge to have relied in any significant part on Hudson, a case that overruled Halper. See Report and Recommendation, R. Doc. 11 at 10 n.7. Rather, as we have noted, the magistrate judge explained that Halper does not support Burdick's position. See id. at 8-9.

Accordingly, the certificate of appealability is DENIED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge